# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN HASCALL, | ) |
| Plaintiff, | ) Civil Action No. 14-1489 |
| v. | ) Judge Cathy Bissoon |
| DUQUESNE UNIVERSITY OF THE HOLY SPIRIT, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

For the reasons stated below, Duquesne University of the Holy Spirit and Kenneth Gormely's Motion for Summary Judgment (Doc. 33) will be GRANTED IN PART and DENIED IN PART. Susan Hascall's Partial Motion for Summary Judgment (Doc. 37) will be DENIED.

## I. MEMORANDUM

Pending before the Court are a motion for summary judgment (Doc. 33) filed by Duquesne University of the Holy Spirit and Kenneth Gormley ("Defendants") and a cross-motion for partial summary judgment (Doc. 37) filed by Susan Hascall ("Plaintiff"). After a thorough review of the record, Defendant's motion for summary judgment will be denied as to Plaintiff's gender discrimination and retaliation claims and granted in all other respects. Additionally, Plaintiff's partial motion for summary judgment will be denied.

As a preliminary matter, and as Defendants point out in their Reply Brief (Doc. 50), Plaintiff presents no arguments or evidence supporting her age discrimination (Counts I and VI),

Equal Pay Act (Count VII), intentional infliction of emotional distress (Count VII), and breach of implied contract (Count IX) claims against Defendants. Indeed, in her Proposed Order, Plaintiff implicitly concedes that summary judgment should be entered for Defendants on those claims, as she omitted those claims and counts from her requested relief. (Doc. 47-1). Accordingly, summary judgment will be entered for Defendants on those claims.

Defendants also move for summary judgment on Plaintiff's claims of religious discrimination (Counts III and VI). The Court agrees with Defendants' position, that Plaintiff's attempts to rely on her scholarship of Islamic law as a sincerely held religious belief are misplaced. See (Doc. 36) at 12-13. Scholarship in Islamic and Sharia law does not, on its own, create a sincerely held religious belief. Plaintiff has pointed to no evidence that she herself practices Islam as a religion. Indeed, Plaintiff states in her Amended Complaint that she has not converted to Islam. (Doc. 10) at ¶ 394. Without a sincerely held belief in Islam, Plaintiff cannot establish a claim for religious discrimination. United States v. Welsh, 398 U.S. 333, 339 (1970) (citing United States v. Seeger, 380 U.S. 163, 185 (1965)). Plaintiff may very well have been subject to ridicule and derision from her colleagues due to the subject matter of her choice of scholarship; however, such conduct is not prohibited by law. Accordingly, Defendants' motion will be granted as to Plaintiff's claims of religious discrimination.

On the question of Plaintiff's claims of gender discrimination and retaliation, the Court finds that there exist sufficient disputes of material fact in the record that summary judgment is inappropriate. Plaintiff has pointed to several disputed facts regarding the validity of Defendants' "legitimate non-discriminatory reason" for denying Plaintiff tenure. See generally (Doc. 47). Examples of inconsistencies include: what standard tenure reviewers applied to assess Plaintiff's candidacy ((Doc. 34) at ¶ 10 and (Doc. 48) at ¶ 10); whether Defendant

Gormely lobbied members of the Law School Rank and Tenure Committee to vote against Plaintiff prior to the vote ((Doc. 34) at ¶ 17 and (Doc. 48) at ¶ 17); whether Laurie Serafino is an adequate comparator ((Doc. 34) at ¶ 5 and (Doc. 48) at ¶ 5); and what basis Defendants used for denying Plaintiff tenure, e.g., teaching or scholarship ((Doc. 34) at ¶ 9 and (Doc. 48) at ¶ 9). These factual disputes, coupled with evidence from which a reasonable jury could conclude that Defendant Gormley has a history of creating a hostile work environment for females, (see (Doc. 47-17)), are sufficient for Plaintiff's gender claims to survive summary judgment. Additionally, there is a dispute of material fact as to when Defendant Gormley began drafting his letter recommending that Plaintiff be denied tenure – whether it occurred before or after he received notice of Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge and whether that EEOC charge played any role in the Law School Rank and Tenure Committee's decision to deny tenure to Plaintiff. Compare (Doc. 34) at ¶ 20 with (Doc. 48) at ¶ 20. Therefore, her retaliation claim likewise must survive the summary judgment stage.

Plaintiff bases her defamation claim on two statements contained in an article in the Legal Intelligencer: (i) "Ms. Hascall is a disgruntled faculty member in Duquesne's School of Law who was recently denied tenure by the university[ ]"; and (ii) "Indeed, Plaintiff's poor teaching, flawed examinations and disrespect exhibited toward students in the classroom led to ongoing student complaints yet Plaintiff makes the astounding assertion that Duquesne University somehow 'solicited the students . . . and choreographed thereby a slew of poor student evaluations.' Thus she continues to refuse to take responsibility for her poor teaching evaluations." (Doc. 10) at ¶¶ 588-590.

Defendants argue the first statement is, as a matter of law, not defamatory as it is "merely an expression of Defendants' opinion as to why Plaintiff filed her lawsuit." (Doc. 36) at 21-22

3

(citing Baker v. Lafayette Coll., 504 A.2d 247, 252 (Pa. Super. 1986), aff'd 532 A.2d 399 (Pa. 1987)).

As to the second statement, Defendants correctly indicate that it was taken from Defendants' Answer to Plaintiff's initial Complaint, filed on the docket with the Court. (Doc. 5) at ¶ 1. This statement, Defendants argue, is privileged and not capable of being defamatory, as it was made in the course of this judicial proceeding. (Doc. 36) at 22 (citing Bochetto v. Gibson, 860 A.2d 67 (Pa. 2004).

Plaintiff's response seems to focus on the second statement, specifically the phrase "poor teaching." (Doc. 47) at 24-25. She does not address whether Defendants' "disgruntled" statement is one of opinion. Id. Instead, she focuses on how the absolute privilege exception that applies to statements made in the course of a judicial proceeding should not apply here. Id.

The Court finds neither of the statements at issue defamatory. The first statement is properly categorized as opinion. A statement need not self-identify as an opinion in order to qualify as one. In their statement, Defendants used the adjective "disgruntled" to describe why, in Defendants' estimation, Plaintiff filed her lawsuit. As to the second statement, Plaintiff failed to put forth any evidence that Defendants did anything other than file the Answer on the public docket. As it was made in the course of this judicial proceeding, the statement is "absolutely privileged and, therefore, cannot form the basis for liability for defamation." Pawlowski v. Smorto, 588 A.2d 36, 41 (Pa. Super. 1991). Accordingly, Plaintiff's claim for defamation will be dismissed.

4

## II. ORDER

Defendants' Motion for Summary Judgment (**Doc. 33**) is **DENIED** as to Plaintiff's gender discrimination and retaliation claims (Counts II, IV, V and VI) and **GRANTED** in all other respects.  Plaintiff's Partial Motion for Summary Judgment (**Doc. 37**) is **DENIED**.


June 28, 2016						s\Cathy Bissoon
							Cathy Bissoon
							United States District Judge

cc (via ECF email notification):

All Counsel of Record